Law Office of Charles H. Hammer
505 W. Riverside, Suite 500
Spokane, WA 99201
(509) 459-0391 (phone)
(509) 252-5002 (fax)

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ACTION RECYCLING, INC.,                )<br>            Petitioner,    )<br>vs.                                                )<br>                                                    )<br>UNITED STATES OF AMERICA,    )<br>AND HEATHER BLAIR,              )<br>INTERNAL REVENUE SERVICE )<br>AGENT                                        )<br>            Respondents.   )<br>_____) | PETITION TO QUASH<br>INTERNAL REVENUE SERVICE<br>SUMMONS<br><br>NO. CV-11-457-JLQ |

The Petitioner alleges as follows:

### JURISDICTION

1. Jurisdiction of this action is based on 26 U.S.C. §7609 (h)(1) providing for action by a taxpayer and/or a third party to petition the Court to quash an IRS summons.

### INTRODUCTION

2. Petitioner, Action Recycling, Inc. moves to have Respondents' Internal Revenue Service, (IRS), summons quashed. The summonses were issued to

PETITIONER'S PETITION TO QUASH
Page **1** of **14**

Law Office of Charles H. Hammer
505 W. Riverside, Ste. 500, Spokane, WA 99201
(509) 459-0391 (phone), (509) 252-5002 (fax)

the Inland Northwest Bank and the Washington Trust Bank for all of Petitioner's bank records for the fiscal year ending March 31, 2009. Copies of these two summonses are attached to this Petition to Quash, (Exhibit – 1).

ARGUMENT: ADMINISTRATIVE ERRORS

3. Before addressing the substantive violation of the law in this motion, it needs to be pointed out that both of the IRS summonses in question contain factual administrative errors:

   a. The Petitioner's name is Action Recycling, Inc., not "Action Recycle" as erroneously stated in the summons.

   b. In the November 28, 2011 cover letter (Exhibit – 2) sent to the Petitioner by the IRS, the issuing agent, Heather Blair, informed the Petitioner that the Quash date covered a period of 30 days when in fact by law the Quash date is only 20 days as set out in 26 USC § 7609 (b) (2) (A). This erroneous statement could be fatal to an unsuspecting taxpayer.

ARGUMENT: SUBSTANTIVE ERRORS

4. A Court must, on a timely filed petition, quash an IRS summons if the summons was issued for information already in the possession of the IRS. United States v. Powell, 379 U.S. 48, 57-58 (1964).

5. The Internal Revenue Service actively conducted an examination of Petitioner's fiscal year books and records for approximately one year.

PETITIONER'S PETITION TO QUASH
Page **2** of 14

Law Office of Charles H. Hammer
505 W. Riverside, Ste. 500, Spokane, WA  99201
(509) 459-0391 (phone), (509) 252-5002 (fax)

6. During that examination time the IRS Revenue Agent, Derek Hudson, spent at least 90 – 100 hours reviewing and analyzing Petitioner's books and records, including all of Petitioner's bank records for its accounts at both the Inland Northwest Bank and the Washington Trust Bank.

7. The examining agent had numerous phone calls and meetings with Petitioner's attorney regarding the examining agent's questions and concerns regarding specific deposit items at both banks.

8. After months of examining Petitioner's bank records, Revenue Agent Hudson left a voice mail message with Petitioner's attorney, Charles Hammer, on July 1, 2011, stating in part as follows: "---I was following up with what went on yesterday. Yeah, as from what I can see, (um), we're still income, or deposits are still a hundred grand more than reported income---."

9. <u>Exhibit -3</u> contains Agent Hudson's detailed analysis and summary of the Fiscal Year Ending 3-31-09 Bank Deposits for Petitioner's bank deposits at both the Inland Northwest Bank and the Washington Trust Bank.

10. Subsequent to Agent Hudson's July 1, 2011 phone call, Attorney Hammer informed Agent Hudson as follows:

    a. Petitioner's Certified Public Accountant, Ken Bendixen, reviewed Agent Hudson's alleged unidentified bank deposits of $105,635.69.

    b. Mr. Bendixen's analysis revealed that the entire $105,635.69 in alleged unidentified deposits were in fact basically accounted for for tax purposes.

PETITIONER'S PETITION TO QUASH
Page **3 of 14**

Law Office of Charles H. Hammer
505 W. Riverside, Ste. 500, Spokane, WA 99201
(509) 459-0391 (phone), (509) 252-5002 (fax)

  c. There is in fact no unaccounted for deposits in the worksheet provided by Agent Hudson.

  d. Agent Hudson never responded to the above information provided by Attorney Hammer.

11. The Respondents had continuous access to all of Petitioner's F/Y ending 3-31-09 bank records for many months.

12. On November 10, 2011, IRS Revenue Agent Heather Blair, who replaced Agent Hudson on this examination, phoned Attorney Hammer and informed him in part as follows: "---I know I left you a message earlier, (um), saying that I was going to send out summons documents for the income, (um), I think at this point after reviewing it a little further, I'm just going to go ahead and issue a report on those years and, (um), just focus more on subsequent years---."

13. On November 28, 2011, Agent Blair notified both banks that she was withdrawing the summons she had issued on November 10, 2011.

14. In her November 28th letter, Agent Blair notified the two banks that she was replacing the 11-10-11 summons with new summons dated 11-28-11.

15. Both 11-28-11 summons still violate that <u>Powell</u> Court's decision that the IRS cannot summons records for information already in their possession.

## CONCLUSION

16. The Respondents had access to all of Petitioner's bank records for the fiscal year ending March 31, 2009.

PETITIONER'S PETITION TO QUASH
Page **4** of **14**

Law Office of Charles H. Hammer
505 W. Riverside, Ste. 500, Spokane, WA  99201
(509) 459-0391 (phone), (509) 252-5002 (fax)

17. Respondents made a detailed review and analysis of all of Petitioner's F/Y ending 3-31-09 bank records.

18. Now Respondents, acting in bad faith and in plain violation of the <u>Powell</u> Court's prohibition of using an IRS summons to obtain information already in its possession, has knowingly and willfully issued the two bank summons at issue for <u>all</u> of Petitioner's bank records.

19. The IRS does in fact have in its possession the specific information on the Petitioner's F/Y ending 3-31-09 bank deposits which it is now attempting to summons.

20. For these reasons, Petitioner asks the Court to grant Petitioner's Petition to Quash the two IRS bank summons at issue.

Dated this <u>14th</u> day of <u>December</u>, 2011 in Spokane, Washington.

                                 <u>s/ Charles H. Hammer</u>
CHARLES H. HAMMER, WSBA #9475
Attorney for Petitioner

Law Office of Charles H. Hammer
505 W. Riverside, Suite 500
Spokane, WA 99201
(509) 459-0391 (phone)
(509) 252-5002 (fax)

PETITIONER'S PETITION TO QUASH
Page **5** of **14**

Law Office of Charles H. Hammer
505 W. Riverside, Ste. 500, Spokane, WA 99201
(509) 459-0391 (phone), (509) 252-5002 (fax)