JOHN A. DICICCO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

MICHAEL C. ORMSBY
United States Attorney, Eastern District of Washington
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ACTION RECYCLING, INC., | Civil No. 2:11-cv-457-JLQ |
| Petitioner, | DECLARATION OF REVENUE AGENT HEATHER L. BLAIR IN SUPPORT OF UNITED STATES' MOTION TO DISMISS OR DENY PETITION TO QUASH |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 1 of 45

7973712.1

I declare the following pursuant to 28 U.S.C. § 1746:

1.  My name is Heather L. Blair.  I am a duly commissioned Revenue Agent in the Small Business/Self-Employed branch of the Internal Revenue Service.  My post of duty is in Spokane, Washington.

2.  At all times relevant to this Declaration I was acting in my capacity as a Revenue Agent.  As a Revenue Agent, and with the joint signature of my manager, I am authorized to issue administrative summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and Internal Revenue Service Delegation Order No. 25-1.

3.  In approximately August 2011, I was assigned to examine the federal income tax returns of Action Recycling, Inc., for its fiscal years ending March 31, 2009 ("FYE 2009"), and March 31, 2010 ("FYE 2010"), in order to determine the correct amount of federal income tax liabilities it may owe.  I am not the first Revenue Agent to be assigned to the examination.  The previous Revenue Agent, Derik Hudson, is no longer employed by the Internal Revenue Service.  Revenue Agent Hudson primarily worked on the examination for FYE 2009.

4.  Charles Hammer, the attorney for Action Recycling, and I arranged an appointment for November 9, 2011, at which Mr. Hammer

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 2 of 45

7973712.1

1  was to make available Action Recycling's banking records for FYE 2009

2  for my review.  I told Mr. Hammer that I would try to complete my

3  review of the FYE 2009 documents by November 10.  At the

4  appointment on November 9, however, Mr. Hammer stated that he

5  thought that the IRS had already had enough time to review the FYE

6  2009 documents and that he would no longer make them available.  He

7  agreed to produce documents for FYE 2010 at an appointment we set

8  for December 1 and 2, 2011.

9      5.   An important part of the examination for both FYE 2009 and

10  FYE 2010 is verifying Action Recycling's income.  Bank records, such as

11  bank statements and deposit slips, assist in determining not just the

12  amount of money that goes into a taxpayer's bank account, but whether

13  the deposited funds are taxable income.  Verifying the amount and

14  nature of Action Recycling's expenditures is also important to

15  determining what deductions Action Recycling is entitled to claim.

16  Bank records, such as canceled checks, assist in determining whether

17  the expenses were deductible.  Although Revenue Agent Hudson

18  worked on the examination for FYE 2009 and reviewed Action

19  Recycling's copies of the bank records, he did not make copies of the

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 3 of 45

7973712.1

1  records for the IRS's files.  I did not have an opportunity to review

2  Action Recycling's versions of the bank records myself.

3        6.    On November 10, 2011, in furtherance of my examination of the

4  return for FYE 2009, I issued IRS administrative summonses to Inland

5  Northwest Bank and Washington Trust Bank.  Each summons directed

6  the receiving bank to produce for examination certain bank records of

7  Action Recycling.  I withdrew those summonses on November 28, 2011,

8  in order to narrow the information that the summonses were

9  requesting.  True and complete copies of the letters I sent withdrawing

10 the November 10 summonses are attached to this Declaration as

11 **Exhibit A.**  On November 28, with the letter withdrawing the

12 November 10 summons, I returned to the banks unopened any records I

13 received from them pursuant to the summonses.

14       7.    I later received a letter dated November 15, 2011, from Mr.

15 Hammer.  A true and complete copy of the letter is attached to this

16 Declaration as **Exhibit B.**

17       8.    On November 28, 2011, in furtherance of my examination, I also

18 issued two new IRS administrative summonses.  One was to Inland

19 Northwest Bank and the other was to Washington Trust Bank.  Each

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 4 of 45

7973712.1

summons directed the receiving bank to produce certain bank records of Action Recycling by December 28, 2011, as described in the attachment to the summons. A true and complete copy of the November 28 summons to Inland Northwest Bank is attached as **Exhibit C.** A true and complete copy of the November 28 summons to Washington Trust Bank is attached as **Exhibit D.** The November 28 summonses only sought records pertaining to Action Recycling's FYE 2009. Action Recycling's taxpayer identification number has been redacted from Exhibits C and D.

9. On November 29, 2011, I received a letter from Mr. Hammer indicating that he would no longer cooperate with the examination and canceling the appointment we had set for December 1 and 2, 2011. As a result, I was unable to examine Action Recycling's version of its banking records for FYE 2010. A true and complete copy of the letter is attached as **Exhibit E.**

10. On November 30, 2011, in furtherance of my examination and as a result of Mr. Hammer's letter, I issued two additional IRS administrative summonses. These summonses pertained to Action Recycling's FYE 2010. Like the November 28 summonses, one was to

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 5 of 45

7973712.1

1  Inland Northwest Bank and the other was to Washington Trust Bank.

2  Each summons directed the receiving bank to produce certain bank

3  records of Action Recycling by December 30, 2011, as described in the

4  attachment to the summons.  A true and complete copy of the November

5  30 summons to Inland Northwest Bank is attached as **Exhibit F.**  A

6  true and complete copy of the November 30 summons to Washington

7  Trust Bank is attached as **Exhibit G.**

8     11.  On or about December 15, 2011, Action Recycling filed a Petition

9  to Quash the November 28 summonses, Exhibits C and D to this

10  Declaration.  The Petition did not address the November 30

11  summonses, Exhibits F and G.

12    12.  As the Petition to Quash states, due to a scrivener's error, the

13  November 28 summonses (Exhibits C and D) sought information

14  pertaining to "Action Recycle" rather than "Action Recycling, Inc."  On

15  December 19, 2011, I withdrew the November 28 summonses due to the

16  scrivener's error.  True and complete copies of the letters to each bank

17  withdrawing the November 28 summonses are attached to this

18  Declaration as **Exhibit H.**  The November 30 summonses (Exhibits F

19  and G) contained the same error.

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 6 of 45

7973712.1

13. On December 19, 2011, in furtherance of my examination, I issued two additional IRS administrative summonses. These summonses corrected the scrivener's error and sought documents pertaining to both FYE 2009 and FYE 2010. One was to Inland Northwest Bank and the other was to Washington Trust Bank. Each summons directed the receiving bank to produce certain bank records of Action Recycling by January 13, 2012, as described in the attachment to the summons. A true and complete copy of the December 19 summons to Inland Northwest Bank is attached as **Exhibit I.** A true and complete copy of the December 19 summons to Washington Trust Bank is attached as **Exhibit J.**

14. In accordance with 26 U.S.C. § 7603, I served an attested copy of each of the summonses attached to this Declaration on Action Recycling by certified mail. A true and complete copy of the certificate of service is included as part of each of the summonses attached to this Declaration.

15. The IRS does not possess any records from Inland Northwest Bank or Washington Trust Bank concerning Action Recycling's FYE 2009 or FYE 2010. The IRS received some records in response to the

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 7 of 45

7973712.1

summonses described in this Declaration, but those records were returned to the banks unopened. Although it previously had access to certain of Action Recycling's records for FYE 2009, the IRS did not retain copies of those records. To my knowledge, the IRS has not had substantial access to Action Recycling's banking records for FYE 2010, and does not have copies of those records.

16. The banking records sought by the summonses may be relevant to the examination because they may demonstrate the date, amount, and source of deposits made into Action Recycling's bank accounts for both FYE 2009 and FYE 2010. In turn, that information is relevant to what Action Recycling's income was for those years. The bank records may also be relevant because they demonstrate the date, amount, and nature of expenditures made from those bank accounts during Action Recycling's FYE 2009 and FYE 2010. That information is relevant to what deductions Action Recycling was entitled to claim for those years.

17. Although the Petition to Quash does not pertain to any of the summonses issued for FYE 2010, I have not reviewed any information I received from the banks for either FYE 2009 or FYE 2010.

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 8 of 45

7973712.1

18. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Action Recycling for the years under examination.

19. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated this 26 day of January, 2012.

*Heather L. Blair*
HEATHER L. BLAIR
Revenue Agent, Internal Revenue Service
Spokane, Washington

Blair Decl. Supp. U.S. Mot. Dismiss or Deny Petition
Page 9 of 45

7973712.1