UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ACTION RECYCLING, INC.,

                Petitioner,

  vs.

UNITED STATES OF AMERICA,

                Respondent.

NO. CV-11-00457-JLQ

ORDER RE: PETITION TO QUASH

BEFORE THE COURT is Petitioner Action Recycling, Inc.'s Petition to Quash and Motion to Quash (ECF No. 1 & 2) and Respondent's Motion to Dismiss or Deny the Petition (ECF No. 3). Petitioner has not filed a response to the Government's Motion to Dismiss and the time for filing such has expired. Pursuant to Local Rule 7.1(h) the court has determined that oral argument is not warranted. Although pursuant to Local Rule 7.1(e), Petitioner's failure to file a response to the Motion to Dismiss may be considered by the court as consent to the granting of the Motion, the court has reviewed and herein addresses the Motion.

## I. Introduction

Petitioner filed this Petition to Quash[1] summonses issued to the Inland Northwest Bank and the Washington Trust Bank for the records of the Petitioner. Petitioner argues that the summonses issued by the Internal Revenue Service (IRS) on November 10, 2011, and re-issued November 28, 2011 to the banks are invalid for several reasons.

---

[1]The Motion to Quash (ECF No. 2) is identical in all material respects to the Petition to Quash (ECF No. 1).

ORDER - 1

1 Petitioner argues that the summonses bore the incorrect name "Action Recycle," when

2 the proper name is "Action Recycling, Inc."  Petitioner argues that a cover letter with the

3 summonses informed Petitioner that it had 30 days to move to quash the summons, when

4 in fact under 26 U.S.C. § 7609(b)(2)(A) the time period is 20 days.  Third, Petitioner

5 argues that the summonses are improper because they sought information already in the

6 possession of the Internal Revenue Service.

7 ## II.  Motion to Dismiss

8 The Government makes several arguments why this action should be dismissed or

9 the Petition to Quash denied.  First, the Government argues that the summonses

10 referenced in the Petition have been withdrawn, and new summonses seeking the same

11 documents were re-issued on December 19, 2011.  The new summonses are not

12 referenced in the Petition to Quash.   The Government argues this action is moot by

13 reason of the withdrawal and reissue of the summonses.   Second, the Government

14 argues it was not properly served with the Petition to Quash.   Third, the Government

15 argues that it is well established that the IRS is entitled to seek the same information

16 from a taxpayer and also from a third-party--in this case from banking institutions.

17 ## III.  Discussion

18 Several of the arguments raised by the parties can be quickly disposed of.  First,

19 the fact that the summons bore the name "Action Recycle" instead of "Action Recycling,

20 Inc." is not grounds to quash the summons, particularly when the taxpayer, Petitioner

21 herein, was clearly on notice and responded to the summons.  Additionally, the

22 Government re-issued the summons to correct the misnomer.  Second, the fact that the

23 Government's cover letter misinformed Petitioner that it had 30 days to move to quash,

24 rather than 20 days is not material or prejudicial.  Petitioner timely moved to quash the

25 summons.

26 The court rejects the Government's mootness argument.  The Government argues

27 that this action is moot because its scrivener error in the naming of Petitioner caused it to

28 withdraw and re-issue the summonses, and Petitioner did not amend its Petition to reflect

ORDER - 2

1  the date of the re-issued summonses.   However, the Government admits that the re-

2  issued summonses seek the exact same documents. (ECF No. 3, p. 2).  The Government

3  argues that because Petitioner did not amend its Petition to Quash to reflect the date of

4  the new summonses this action is moot.  To accept such argument would elevate form

5  over substance.  The same dispute over the validity of the summonses exists.  The

6  correction of the error on the summonses by the Government does not render moot the

7  dispute.  Similarly, the court does not accept as determinative the Government's

8  argument that it was not properly served.  The Government has appeared and argued the

9  merits of the Petition.

10      Having disposed of those technical arguments, the court is left with the central

11  issue:  were the summonses issued to the banks duplicative in seeking information that

12  was already in the possession of the IRS from the taxpayer as Petitioner argues, or is the

13  IRS allowed to seek the information from a third-party to verify taxpayer information?

14      In order to defeat a petition to quash and compel compliance, the Government

15  must establish: 1) the investigation is being conducted for a legitimate purpose; 2) the

16  material being sought is relevant to that purpose; 3) the information sought is not already

17  in the IRS's possession; and 4) the IRS complied with the required administrative steps.

18  *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999) citing *United States v.*

19  *Powell*, 379 U.S. 48 (1964).  The Government's burden in establishing these elements is

20  a "slight one" and "may be satisfied by a declaration from the investigating agent." *Id.* at

21  1144.  Once the Government has met this burden, the taxpayer bears the heavy burden of

22  establishing the lack of a valid purpose for the investigation.  The taxpayer must allege

23  specific facts and evidence to support the allegation of bad faith or improper purpose. *Id.*

24  see also *Liberty Financial Serv. v. United States,* 778 F.2d 1390, 1392 (9th Cir. 1985)

25  ("The burden then shifts to the taxpayer to show an abuse of process, e.g., that the

26  summons was issued in bad faith for an improper purpose.")

27      Here, the Government has filed the Declaration of Revenue Agent Heather Blair

28  (ECF No. 5).  The Blair Declaration states that the investigation was commenced for a

ORDER - 3

legitimate purpose--to determine the proper tax liability of Action Recycling. (Blair Dec. ¶ 3).  The Declaration further states that the summonses were issued in furtherance of this investigation.  The declaration states that the IRS "does not possess any records received from Inland Northwest Bank or Washington Trust Bank concerning Action Recycling's FYE 2009 or FYE 2010." (Blair Dec. ¶ 15).  Finally, the Declaration states that all administrative steps as required by the Internal Revenue Code have been followed. (Blair Dec. ¶ 19).  The Blair Declaration is sufficient to meet the Government's burden of demonstrating that the summons was properly issued for a legitimate purpose. See *Liberty Financial Serv. v. United States,* 778 F.2d 1390, 1392 (9th Cir. 1985) ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.")

Petitioner has not filed a response to the Government's Motion to Dismiss. Petitioner has failed to meet its "heavy burden" of establishing that no valid purpose exists for the investigation.  The Government is allowed to verify taxpayer records by obtaining those records from a third-party.  In *Liberty Financial Serv.*, the Ninth Circuit rejected the argument which Petitioner now makes:

> Liberty argues that it had already provided the requested information.  The district court held that the IRS could not ascertain whether all relevant records had been released until it had examined the requested documents. **It also held that the IRS is entitled to compare for accuracy, the records produced by Liberty with those held by Wells Fargo. We agree**.

*Id.* at 1392-1393 (emphasis supplied).  Petitioner's argument that the Government had already looked at its banking records during an on-site audit, and thus was not entitled to obtain those records via summons from the bank, is rejected.

Accordingly,

**IT IS HEREBY ORDERED**:

1. The issues presented in the Petition and Motion (ECF No. 1 & 2) and Motion to Dismiss/Deny the Petition (ECF No. 3) do not require oral argument, and the hearing date of March 27, 2012 is hereby **STRICKEN**.

ORDER - 4

1      2.  The Petition to Quash and Motion To Quash (ECF No. 1 & 2) are **DENIED**.

2      3.  The Government's Motion to Dismiss or Deny Petition to Quash (ECF No. 3) is

3   **GRANTED**.  The Petition to Quash is Denied and compliance with the summonses by

4   the Inland Northwest Bank and the Washington Trust Bank are hereby compelled.

5      **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order, furnish

6   copies to counsel, and close the file.

7      **DATED** this 1st day of March, 2012.

8                    s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
9         SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 5